Steven T. Lowe, Esq. SBN 122208
steven@lowelaw.com
Kris LeFan, Esq., SBN 278611
kris@lowelaw.com
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

Timothy T. Wang (*pro hac vice* to be submitted)
twang@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff*
*Dongguan Juxing Power Co., Ltd.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONGGUAN JUXING POWER CO., LTD.**, a China limited company,<br><br>Plaintiff,<br><br>v.<br><br>**GRYPHON MOBILE ELECTRONICS, LLC,** a California limited liability company; and **SPACEKEY (USA), INC.**, a California corporation**,**<br><br>Defendants. | Case No._2:17-CV-05032<br><br>**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, PATENT INVALIDITY, INTENTIONAL INTEFERENCE WITH CONTRACTUAL RELATIONS, AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**JURY TRIAL DEMANDED**<br><br>Date of Filing: July 10, 2017 |

Plaintiff Dongguan Juxing Power Co., Ltd. ("Plaintiff"), by and through its counsel, brings this Complaint for Declaratory Judgment of Patent Non-Infringement, Patent Invalidity, Intentional Interference with Contractual Relations, and Intentional Interference with Prospective Economic Advantage against Defendants Gryphon Mobile Electronics, LLC and Spacekey (USA), Inc. (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over the claims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). To the extent that this action is based on related state claims, the Court has supplemental jurisdiction thereto under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants because they are incorporated in the State of California and conduct business in the State of California.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

5. This matter presents an immediate, real, and justiciable controversy between the parties concerning Defendants' rights to enforce United States Patent No. 9,506,446 (the "'446 Patent") and Plaintiff's liability for alleged infringement of the '446 Patent.

## NATURE OF THE ACTION

6. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 that United States Patent No. 9,506,446 (the "'446 Patent") is not infringed by Plaintiff, either directly, or as an inducing or contributory infringer, and is found to be invalid.

7. This is an action for injunctive relief and damages under California law, based upon Defendant Gryphon Mobile Electronics, LLC ("Gryphon")'s intentional interference with contractual relations involving Plaintiff and intentional interference with Plaintiff's prospective economic advantage.

## PARTIES

8. Plaintiff is a China limited company, having a principal place of business of No. 1 Keyuan Rd., Daping, Tangxia Town, Dongguan City, Guangdong, China.

9. Upon information and belief, Defendant Gryphon Mobile Electronics, LLC ("Gryphon") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 489 Yorbita Rd. #A, La Puente, CA 91744. Upon information and belief, Gryphon may be served via its registered agent Carol Ko at the address above.

10. Defendant Spacekey (USA), Inc. ("Spacekey") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 489 Yorbita Rd. #A, La Puente, CA 91744. Upon information and

1  belief, Spacekey may be served via its registered agent Nelson Yen at the address
2  above.

### U.S. PATENT NO. 9,506,446

11. United States Patent No. 9,506,446 is entitled "Mobile Power Bank."

12. The '446 Patent was filed on October 31, 2013.

13. The '446 Patent is based on Application No. 14/069,262.

14. Liu Xinfang is listed as the inventor of the '446 Patent.

15. The '446 Patent issued on November 29, 2016.

16. The '446 Patent is directed to a mobile apparatus for providing power. The apparatus having a housing; a battery module positioned inside of the housing, the battery module having: a battery, a battery circuit board coupled to the battery and an ignition output port coupled to the battery circuit board; a circuit board positioned inside of the housing and coupled to the battery module, the circuit board having: a charge module, a discharge module, a lighting module and a control module coupled to the charge module, the discharge module and the lighting module; a light source coupled to the circuit board; and wherein the apparatus is configured to provide sufficient power to jump start a vehicle. A true and correct copy of the '446 Patent is attached as Exhibit A. Below is Figure 1 and Figure 2 from the '446 Patent.



FIG. 2

17. Defendant Spacekey is listed as the Applicant and Assignee of the '446 Patent. Upon information and belief, Defendant Gryphon either has an ownership interest or is the exclusive licensee of the '446 Patent.

**BACKGROUND AND EXISTENCE OF ACTUAL CONTROVERSY**

18. Plaintiff manufactures and sells portable car jump starter and power bank products ("Portable Jump Starter"). It first started making Portable Jump Starters around 2012. Plaintiff is a pioneer and innovator in the design and development of such products. It has applied and subsequently obtained several patents on designs of its Portable Jump Starters in China since 2013.

19. Plaintiff sells Portable Jump Starters through its distributors and online marketplaces such as Amazon.com. Listing of one of the Portable Jump Starters at Amazon.com is shown below.



20. Plaintiff became a supplier of Defendant Spacekey's China company ("Spacekey China") at least as early as August 6, 2013. It supplied batteries, circuit boards, and other components for Portable Jump Starter products to Spacekey China. Plaintiff ceased supplying products to Spacekey China since July 14, 2015 due to Spacekey China's failure to pay.

21. Starting in 2016, Defendant Gryphon filed patent infringement complaints regarding the '446 Patent with Amazon.com against Portable Jump Starter products manufactured and sold by Plaintiff and its distributors.

22. More recently around March 24, 2017, Gryphon filed complaints against a number of Plaintiffs' Portable Jump Starter products with Amazon.com, alleging infringement of the '446 Patent. The complaints filed by Gryphon caused temporary takedown of about 20 listings of Portable Jump Starter products sold by Plaintiff and/or its distributors. The takedown included at least the following Portable Jump Starter products manufactured by Plaintiff:

- Arteck Portable Car Jump Starter – ASIN: B01DVSSCG6
- Arteck Portable Car Jump Starter – ASIN: B01IXA6AGQ
- Beatit Portable Car Jump Starter – ASIN: B01DGJHUYA
- Beatit Portable Car Jump Starter – ASIN: B01DGJHV8K
- Beatit Portable Car Jump Starter – ASIN: B01MY9FZM4
- RAVPOWER Portable Car Jump Starter – ASIN: B01C7746H6
- RAVPOWER Portable Car Jump Starter – ASIN: B06W2LRQNR
- DBPower Portable Car Jump Starter – ASIN: B01D42TYFC
- DBPower Portable Car Jump Starter – ASIN: B013UJ2JCE
- DBPower Portable Car Jump Starter – ASIN: B013UJ2JDS
- DBPower Portable Car Jump Starter – ASIN: B01MZ8BUY3
- FlyHi Portable Car Jump Starter – ASIN: B01LWUSXDH
- IRULU Portable Car Jump Starter – ASIN: B01K7CSIXG
- BOPower Portable Car Jump Starter – ASIN: B01MAWA042
- BOPower Portable Car Jump Starter – ASIN: B01M4ITFN2
- Topdon Portable Car Jump Starter – ASIN: B01DABB9SM
- Bolt Power Portable Car Jump Starter – ASIN: B01N3SEJIJ
- Bolt Power Portable Car Jump Starter – ASIN: B00R8QGITG
- BOPower Portable Car Jump Starter – ASIN: B01M4ITFN2
- Aickar Portable Car Jump Starter – ASIN: B01J5G8PHY
- Nekteck Portable Car Jump Starter – ASIN: B00VIN920M

23. Plaintiff responded to the Amazon patent infringement complaints filed by Gryphon with evidence of non-infringement and invalidity. The affected listings were later restored. Defendants' complaints and temporary takedown caused significant damages in millions of dollars to Plaintiff and its distributors' business.

24. On April 25, 2017, Plaintiff's counsel sent a letter to Defendant Gryphon and demanded an immediate cease and desist of any Gryphon's action to claim patent infringement claims against Plaintiff and/or its distributors. Gryphon never responded.

25. On or about June 13, 2017, Gryphon filed the same patent infringement complaint with Amazon.com against another Plaintiff's distributor. Again, the infringement claim disrupted the business relationship between Plaintiff and its distributor and caused significant damages to Plaintiff's business.

26. Gryphon is not listed as an owner or licensee of the '446 Patent at the U.S. Patent and Trademark Office ("USPTO")'s patent assignment database. Spacekey is the sole owner listed in the USPTO database. Plaintiff is without sufficient information to determine whether Gryphon had the standing or necessary rights to file the patent infringement complaints with Amazon.com.

27. Contrary to Defendants' patent infringement claims, Plaintiff's Jump Starter Products do not infringe the claims of the '446 patent.

28. The '446 Patent include three independent claims, *i.e.*, claims 1, 17, and 21. Independent claim 1 of the '446 patent currently provides:

ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
8

> *A portable apparatus, easily carried by a user, for providing power comprising:*
> *a housing;*
> *a battery module positioned inside of the housing, the battery module further comprising:*
> *a battery;*
> *a battery circuit board coupled to the battery; and*
> *an ignition output port coupled to the battery circuit board;*
> *a circuit board positioned inside of the housing and coupled to the battery module, the circuit board comprising:*
> *a charge module;*
> *a discharge module;*
> *a lighting module; and a control module coupled to the charge module, the discharge module and the lighting module;*
> *a light source coupled to the circuit board;*
> *a charging port coupled to the charge module;*
> *at least one Universal Serial Bus interface coupled to the discharge module;*
> *a Light Emitting Diode indicator module coupled to the circuit board; and*
> *wherein the apparatus is configured to provide sufficient power to jump start a vehicle.*

29. Plaintiff's accused Portable Jump Starter products do not infringe the '446 Patent. Regardless the minor variations among the accused Portable Jump Starters, all of them distinguish from Claim 1 of the '446 Patent for a multitude of reasons. First of all, the accused Portable Jump Starters do not include a separate battery module that includes, among other things, a battery circuit board (different from a control circuit board) coupled to the battery. Neither does any product includes an ignition output port coupled to the battery circuit board. Instead, an ignition output port in the Portable Jump Starters is directly coupled to the battery. Such a design is advantageous over the inventions of the '446 Patent. It avoids the complexity of going through an

intermediary like a separate battery circuit board. Eliminating the battery circuit board also lowers the costs and make it easier to manufacture. Such simplicity design improves reliability of the product as a battery circuit board between an ignition port and a battery is prone for burnout and other potential damages. The power source may output a huge current at time of ignition and damages a battery circuit board between the ignition port and the battery. The accused Portable Jump Starters eliminate such problems. Some of the accused Portable Jump Starters may include a blank published circuit board for the sole purpose of fixing the position of the battery. But it does not function as a battery circuit board as described in the specification of the '446 Patent.

30. Further, at least some of the Portable Jump Starters use a LCD screen instead of a LED indicator as required by the '446 Patent claims. Using a LCD is more advantageous as it allows the display of additional information including text or numbers. For at least the aforementioned reasons, Plaintiff's accused Portable Jump Starter products do not infringe claim 1 of the '446 Patent.

31. For similar reasons, Plaintiff's Portable Jump Starter products do not infringe independent claims 17 and 21 of the '446 Patent either.

32. The claims of the '446 Patent are also invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to sections 102, 103, 112, 120 and 256. For example, Plaintiff started selling the accused products at least as early as 2012, before the filing date of the '446 Patent. Plaintiff

first manufactured the accused products before being retained as Defendant's supplier for the same. Exhibit B are screenshots of news reports and/or social media pages dated in early 2013 showing that Plaintiff's products were on sale at the time. In fact, Plaintiff filed some Chinese patent applications covering its Portable Jump Starter products as early as February 2013, at least half a year before Defendants' own Chinese patent application, which the '446 Patent claims priority from. One of Plaintiff's China patents is attached as Exhibit C.

33.   The '446 Patent claims are also barred in whole, or in part, as a result of Defendants' inequitable conduct for failure to disclose Plaintiff's earlier products and inventions that are material to the '446 patent application. For example, Defendants knew or should have known Plaintiff's earlier products and patent applications at the time when they filed the application that led to the '446 Patent. They did not to disclose any of the relevant information during the prosecution of the '446 patent application. Defendants' failure to disclose constitutes inequitable conducts committed before the USPTO and renders the '446 patent claims unenforceable.

## FIRST CLAIM FOR RELIEF
### (Declaration of Non-infringement of the '446 Patent)

34. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

35. Defendants claim to own all rights, title, and interest in the '446 Patent, a copy of which is attached hereto as Exhibit A.

36. As demonstrated above, Defendant Gryphon has repeatedly and relentlessly accused Plaintiff and its products of infringing the '446 Patent, in that Plaintiff "makes, uses, sells, offers for sale, imports, exports, supplies and/or distributes within the United States" its product.

37. Based on Defendants' conduct, Plaintiff believes, in good faith, that Defendants will commence suit against Plaintiff. Because Plaintiff makes and sells products that Defendants claim infringe the '446 Patent, there is a substantial, immediate and real controversy between Plaintiff and Defendants regarding whether Plaintiff infringes the '446 Patent.

38. No claim of the '446 Patent can be validly construed to be infringed product made or sold by Plaintiff. Plaintiff has not directly, indirectly, or contributorily infringed, or actively induced infringement of, any claim of the '446 Patent or otherwise violated Defendants' rights under such patent.

39. A judicial declaration is necessary to determine the parties' respective rights regarding the '446 Patent.

40.     Plaintiff seeks a judgment declaring that its products do not directly or indirectly infringe any claim of the '446 Patent.

**SECOND CLAIM FOR RELIEF**
**(Declaration of Invalidity and Unenforceability of the '446 Patent)**

41.     Plaintiff restates and incorporates by reference the allegations in the proceeding paragraphs of this Complaint as if fully set forth herein.

42.     Defendants have asserted and continue to assert that Plaintiff has infringed and continues to infringe the '446 Patent. Defendants have asserted and continue to assert that Plaintiff's product is infringing.

43.     Plaintiff disputes that is has infringed or that it continues to infringe properly construed, valid, and enforceable claims of the '446 Patent and affirmatively alleges that the claims of the '446 Patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. § §102, 103, 112, 120 and 256.

44.     Therefore, an actual and substantial controversy exists between Plaintiff and Defendants, parties having adverse legal interest, of sufficient immediacy and reality to warrant the issue of a declaratory judgment that the properly construed claims of the '446 Patent are invalid for failure to meet one or more requirement for patentability under 35 U.S.C. § §102, 103, 112, 120 and 256.

45.     Accordingly, Plaintiff is entitled to a declaratory judgment that the claims of the '446 Patent are invalid and unenforceable.

### THIRD CLAIM FOR RELIEF
### (Intentional Interference with Contractual Relations)

46. Plaintiff reinstates and incorporates by reference the allegations in the proceeding paragraphs of this Complaint as if fully set forth herein.

47. A knowing and intentional false accusation of patent infringement or the willful disregard for such a false accusation is a basis for a claim for tortious interference with contractual relations. Intentional interference with contractual relations arises where there exists:

1) A valid contract between plaintiff and a third party;
2) Defendant's knowledge of the contract;
3) Defendant's intentional acts designed to induce a breach or disruption of the contractual relationship;
4) Actual breach or disruption of the relationship; and
5) Resulting damage.

*Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal.4th 26, 55 (1998).

48. In this case, valid contracts exist between Plaintiff and online distributors of Plaintiff's accused products. Defendants are fully aware of these contracts, but as explained above has nonetheless deliberately sought to disrupt Plaintiff's contractual relationship with its distributors.

49. By Defendants' conduct, Defendants have actually disrupted Plaintiff's contractual relationships. Defendants' false infringement allegations have resulted in the removal of Plaintiff's products from Amazon.com. Plaintiff has therefore suffered damages as a result of Defendants' conduct, including lost sales of its accused product.

50. Defendants' actions, as alleged herein, were intentional, willful, malicious, oppressive and fraudulent, with wanton disregard for the rights of Plaintiff, and were engaged in for the purpose of benefiting Defendants and injuring Plaintiff, so as to justify the awarding of exemplary and punitive damages in an amount subject to proof at trial.

## FOURTH CLAIM FOR RELIEF
### (Intentional Interference with Prospective Economic Advantage)

51. Plaintiff reinstates and incorporates by reference the allegations in the proceeding paragraphs of this Complaint as if fully set forth herein.

52. Defendants are liable to Plaintiff for their interference with prospective economic advantage. Interference with prospective economic advantage requires:

1) An economic relationship between plaintiff and some third party, with the probability for future economic benefit to the plaintiff;
2) The defendant's knowledge of the relationship;
3) Intentional acts on the part of defendant designed to disrupt the relationship;
4) Actual disruption of the relationship; and
5) Economic harm to the plaintiff proximately caused by the acts of the defendant.

*Korea Supply v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003).

53. Interference with prospective economic advantage also requires a plaintiff to allege an act that is wrongfully independent of the interference itself. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 392-93 (1995). An act is independently wrongful if "if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal

standard." *Id.*

54. In this case, an economic relationship existed between Plaintiff and its online distributors, with the probability of future economic benefit to Plaintiff.

55. Defendants are fully aware of these relationships between Plaintiff and its online distributors, but as explained above have nonetheless deliberately sought to disrupt Plaintiff's relationship with these distributors.

56. By Defendants' conduct, Defendants have actually disrupted Plaintiff's relationship with its online distributors, including online distributors being unable to sell Plaintiff's accused product. Defendants' false allegations of patent infringement have resulted in the removal of Plaintiff's products from Amazon.com. Plaintiff has therefore suffered damages as a result of Defendants' conduct, including lost sales of its accused product.

57. Defendants' conduct includes an independently wrongful act consisting of making knowingly false and unsupported accusations of patent infringement towards Plaintiff and its products.

58. Defendants' actions, as alleged herein, were intentional, willful, malicious, oppressive and fraudulent, with wanton disregard for the rights of Plaintiff, and were engaged in for the purpose of benefiting Defendants and injuring Plaintiff, so as to justify the awarding of exemplary and punitive damages in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment entered in Plaintiff's favor and for specific relief as follows:

1. Declaring that Plaintiff's products do not infringe any properly construed, valid, and enforceable claim of the '446 Patent;

2. Declaring that one or more claims of the '446 Patent are invalid;

3. Awarding Plaintiff the full measure of damages arising from or related to Defendants' intentional interference with Plaintiff's contractual relations and intentional interference with Plaintiff's prospective economic advantage;

4. Awarding Plaintiff damages for Defendants' tortious conduct;

5. Preliminarily and finally enjoining Defendants from further interference with Plaintiff's contractual relations and interference with Plaintiff's prospective economic advantage, including preliminarily and finally enjoining Defendants from making any further allegations of patent infringement regarding Plaintiff's products;

6. Finding that this case is exceptional pursuant to 35 U.S.C. 285, entitling Plaintiff to an award against Defendants of Plaintiff's reasonable attorneys' fees;

7. Awarding to Plaintiff its costs and disbursements;

8. Awarding Plaintiff punitive damages; and

9. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

Dated: July 10, 2017

LOWE & ASSOCIATES, P.C.

*/s/ Kris LeFan*
By:_____

KRIS LEFAN

Attorney for Plaintiff
Dongguan Juxing Power Co., Ltd.

ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
18

# DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 10, 2017

LOWE & ASSOCIATES, P.C.

By: */s/ Kris LeFan*
_____

KRIS LEFAN

Attorney for Plaintiff
Dongguan Juxing Power Co., Ltd.